IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WESLEY ANDREW MCBRIDE #293505, | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-01020 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| 23rd DISTRICT CIRCUIT COURT, | ) |
| Defendant | ) |

**MEMORANDUM AND ORDER**

Wesley Andrew McBride, a pretrial detainee in the Dickson County Jail in Charlotte, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The matter is before the Court for a ruling on Plaintiff's application to proceed in forma pauperis (IFP). (Doc. No. 2.) The complaint is also before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA). 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources from which to pay the full filing fee in advance, the Court **GRANTS** his motion (Doc. No. 2) to proceed IFP in this matter.

Plaintiff is still responsible for paying the full filing fee, however, as required by Section 1915(b). The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be

paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Administrator of the Dickson County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

2

Case 3:20-cv-01020   Document 4   Filed 12/01/20   Page 2 of 6 PageID #: 35

## II.     INITIAL REVIEW

Title 28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that he has been in jail as a pretrial detainee since February 9, 2018, and that his trial date has been repeatedly postponed. (Doc. No. 1 at 4, 6.)  His most recent trial date was March 20, 2020, but on March 12, 2020, with Plaintiff's suppression hearing not yet complete, "that's when the COVID hit and they closed court." (*Id.* at 6.)  The judge told Plaintiff that his

3

case would be rescheduled when court reopened, but courts have now been open for months, and he still does not have a trial date despite his telephone call to the court in September 2020 to ascertain the status of his case. (*Id.* at 6, 8.) Plaintiff wrote to the Board of Professional Responsibility to complain about the delay, to no avail. (*Id.* at 11.) He claims that the state court has violated his right to a speedy trial and asks that the charges be dismissed against him or that he be released for time served on all charges. (*Id.* at 6, 8.) He also claims his Eighth and Fourteenth Amendment rights have also been violated, at least partly because "[i]f you have violated one you have violated them all." (*Id.* at 6–7.)

The relief Plaintiff seeks is not available under Section 1983. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Because *Heck*'s bar to civil suits arises only upon conviction, the Court ordinarily follows the "common practice" and stays (rather than dismisses) premature Section 1983 suits pending the resolution of the criminal prosecution. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). That is not necessary or even appropriate in this case, however, because Plaintiff's lawsuit warrants dismissal regardless of whether *Heck* will ultimately apply. Plaintiff has named as a Defendant only a state court, which is not subject to suit under Section 1983. *See Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) ("Because this court has held that a state court is not a 'person' within the meaning of that term as used in § 1983, plaintiff's claim against the Lorain County Common Pleas Court must be dismissed."); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (explaining that Section 1983 cannot be maintained against a municipal court because it is not a "person" within the meaning of that statute). Plaintiff therefore

4

fails to state a viable claim under Section 1983.

The Court has considered whether to construe the pending complaint as a habeas petition or to invite Plaintiff to file such a petition in its stead. Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims of a state pretrial detainee if his continuing custody violates the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). But while "[a] state pretrial detainee may bring a federal habeas action to demand a speedy trial" pursuant to 28 U.S.C. § 2241, he "may not generally seek habeas relief to forestall state prosecution altogether." *Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973)). The requirement that a federal habeas petitioner first exhaust his available state remedies is "especially forceful in a situation involving a speedy trial claim," because the remedy for such a violation will either involve dismissal of the indictment (if the petitioner establishes that the delay has prejudiced his defense) or a federal order requiring the state to bring the petitioner promptly to trial—remedies which "could not be more disruptive of pending state actions." *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546–47 (6th Cir. 1981).

Here, Plaintiff does not establish that he "has availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him," as required to properly exhaust his speedy trial claim. *Id.* at 547. The Supreme Court has found this exhaustion requirement met where the claimant demonstrated his "repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial." *Braden*, 410 U.S. at 490. Plaintiff's single phone call to the court and his letter to the Board of Professional Responsibility—which responded (not

5

Case 3:20-cv-01020    Document 4    Filed 12/01/20    Page 5 of 6 PageID #: 38

surprisingly) that it has no control over docketing and scheduling cases—does not establish such exhaustion. Accordingly, the present complaint would be dismissed even if the Court were to construe it as a Section 2241 petition.

### III. CONCLUSION

This action is therefore **DISMISSED** for failure to state a claim upon which relief can be granted. This dismissal is without prejudice to Plaintiff's right to seek habeas relief after exhaustion of his state remedies or to seek relief under Section 1983 when and if his continued detention is invalidated by ruling of a state or federal court. This is the final Order denying all relief in this matter. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Any appeal from this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE